JOHN W. KELLEY v. LIFE AND CASUALTY INSURANCE COMPANY
OF TENNESSEE.

(Filed 26 April, 1933.)

Insurance R a—Evidence failed to show that insured was injured by collision while riding in truck, and nonsuit was proper.

A policy providing for liability if the insured is injured "by collision or accident to . . . any motor driven truck" in which insured was riding, and requiring that there should be some external or visible injury to the vehicle, will not warrant a recovery where plaintiff's evidence tends only to show that his hand was crushed between the side of a truck and a frigidaire loaded therein when the frigidaire slid across the truck body when the truck was driven rapidly around a curve.

APPEAL by plaintiff from *Slack, J.,* at January Term, 1933, of GUILFORD. Affirmed.

The plaintiff brought suit on a life and casualty policy of insurance to recover damages for the loss of a hand.

By permission of the driver of a large six-wheel truck the plaintiff got into the body of the truck to ride from North Street in Greensboro to White Oak. There was no convenient place for sitting and he stood about midway near a frigidaire and some other articles that had been put in the truck for transportation. Turning from Lindsay Street into Chestnut Street the driver, in the words of the plaintiff, "Turned awful short at a fast rate of speed, and it caused the body of the truck to give and shove the frigidaire and caught my hand between the truck body and the frigidaire. The truck started at such speed and force and caused the frigidaire to move and caught my hand between the frigidaire and the truck body. It skidded over against my hand. The best I know it cut the first three fingers out, and as a result the doctor had to take my hand off. The frigidaire weighed 500 pounds. . . . I was over against the wall when it struck my hand. It slung me over against the wall. I did not stop the truck. After my hand was hurt I hollered. There was a noise and I could not make the driver hear. Two walls,

the truck body wall and the cab wall, were between the driver and me. I jumped out of the truck and went to the Wesley-Long Hospital. I don't know whether or not the truck struck anything at the time it turned the corner. I could not see; I was in the back. I did not see the truck any more after the injury."

At the close of plaintiff's testimony, he being the only witness, the court dismissed the action as in case of nonsuit, and the plaintiff appealed.

*William E. Comer for plaintiff.*
*A. C. Davis for defendant.*

PER CURIAM. The policy insures the plaintiff against the result of bodily injuries received while it is in force and effected solely by external, violent, and accidental means "by collision of or any accident to . . . any motor driven truck inside of which the insured was riding or driving; . . . provided, that in all cases referred to in this paragraph there shall be some external or visible injury on the said vehicle or elevator of the collision or accident."

The trial court was correct in holding that the evidence offered by the plaintiff does not bring his case within the terms of the policy. There was neither such collision or accident nor such external or visible injury to the truck as comes within the contemplation of the parties to the contract. The judgment is

Affirmed.